RECEIVED
IN ALEXANDRIA, LA
APR 21 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE CRISTOBAL CARDONA<br>    FED. REG. NO. 40869-080<br>VS.<br>WARDEN JOE KEFFER, ET AL. | CIVIL ACTION NO. 1:09-CV-0650<br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### MEMORANDUM ORDER

Pro se plaintiff Jose Cristobal Cardona filed the instant civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) on April 14, 2009. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary, Pollock, Louisiana, and he complains that he is being disciplined because he refuses to fully participate in the BOP's PICP program. Plaintiff has asked to be allowed to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. §1915. [rec. doc. 2] Further review of the United States Court records reveals that since his incarceration, Cardona, while a prisoner, has filed at least three civil rights lawsuits in the United States Courts, and, which were dismissed as frivolous.[1]

---

[1] See Jose Cristobal Cardona v. R. Tuite, No. 07-30041 (5th Cir. 12/11/2007) a copy of which plaintiff has attached as rec. doc. 1-3.

28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Cardona is well aware of this provision. He claims that he is in imminent danger of serious injury but nothing in his pleadings supports this conclusory allegation. He seeks monetary damages because he was confined in Special Housing Unit (SHU) in June 2008 and forced against his will to participate in the PICP program. In Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998), the Fifth Circuit held that the determination as to whether a prisoner is in "imminent danger" must be made as of the time that he seeks to file his complaint.

Nothing in the pleadings suggest the existence of a credible and imminent threat to plaintiff's safety or welfare. In short, he is not eligible to proceed *in forma pauperis* in this matter. Therefore

**IT IS ORDERED** that plaintiff's Motion to Proceed in forma pauperis [rec. doc. 2] is **DENIED;**

**IT IS FURTHER ORDERED** that in order for this complaint to

2

remain viable, plaintiff must pay the full filing fee of $350.00 within twenty (20) days from the date of this order. **<u>FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.</u>**

In Chambers, Alexandria, Louisiana _April_ _31st_, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE